UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LENROY LAURANCE, | |
| Petitioner, | Civ. No. 18-17522 (NLH) |
| v. | MEMORANDUM AND ORDER |
| THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al., | |
| Respondents. | |

IT APPEARING THAT:

1. Petitioner is an inmate currently confined at the New Jersey State Prison in Trenton, New Jersey, and has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1.

2. The Court previously issued an Order and Opinion directing Petitioner to file an amended petition utilizing the habeas form supplied the Clerk of Court for § 2254 petitions, as required by Local Civil Rule 81.2(a). See ECF No. 2, 3.

3. Although it appears that Petitioner has attempted to comply with the Court's prior directive by filing an Amended Petition, see ECF No. 4, Petitioner has failed to complete it in its entirety. Specifically, he failed to sign the certification[1] on page 17, which requires him to acknowledge that he must

---

[1] This language and certification is required by Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).

include all the grounds for relief from the conviction or sentence in this Petition and if he fails to set forth all the grounds, he may be barred from presenting additional grounds at a later date.

4. Petitioner must either file a second amended petition that includes the signed certification on page 17 of the § 2254 form or supplement the Amended Petition by signing and filing with the Court the certification on page 17 of the § 2254 form.

IT IS THEREFORE on this  31st   day of January, 2019,

ORDERED that the Clerk of Court shall reopen this matter by making a new and separate entry on the docket reading "CIVIL CASE REOPENED;" and it is further

ORDERED that the Clerk of the Court shall forward Petitioner a blank habeas petition form—AO 241 (modified):DNJ-Habeas-008(Rev.01-2014), for use by Petitioner; and it is further

ORDERED this matter shall be ADMINISTRATIVELY TERMINATED[2]; and it is further

---

[2] Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, see Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275 (2013) (distinguishing administrative terminations from dismissals); Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 84 n.2 (2013) (describing prisoner mailbox rule

ORDERED that, if Petitioner wishes to re-open this action, he shall so notify the Court within 30 days of the date of entry of this Order, in writing addressed to Clerk of the Court, at Mitchell H. Cohen Building and U.S. Courthouse, Fourth and Cooper Streets, Camden, New Jersey, 08101; Petitioner's writing shall include either a second amended petition which includes a completed page 17 certifying that the second amended petition must include all claims or a signed and completed page 17 certifying that the amended petition must include all claims; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail.

At Camden, New Jersey                   s/ Noel L. Hillman
                                       NOEL L. HILLMAN, U.S.D.J.

---

generally); Dasilva v. Sheriff's Dep't., 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [petition] is submitted to the clerk before the statute runs ….").